IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KUHLMAN FARMS, INC., | |
| Plaintiff, | **7:21CV5005** |
| vs. | |
| INGREDION, INC., and MCDONALD PELZ GLOBAL COMMODITIES, LLC, | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the Court on defendant McDonald Pelz Global Commodities, LLC's ("McDonald Pelz") motion to dismiss, Filing No. 18, and defendant Ingredion Inc.'s ("Ingredion") motion to dismiss, Filing No. 20.[1]  Plaintiff Kuhlman Farms, Inc. ("Kuhlman Farms") originally filed this action in the District Court of Lincoln County, Nebraska, and defendants removed the action to this Court for the District of Nebraska based on diversity of citizenship in accordance with 28 U.S.C. § 1332.  This is an action for breach of contract, promissory estoppel, unjust enrichment, fraudulent misrepresentation, and conversion concerning a transaction involving the farming of an experimental seed and the sale of crops grown therefrom.

I.      FACTS

Plaintiff Kuhlman Farms is a farming operation.  Defendant Ingredion is a global ingredients solutions company engaged in the business of providing seed to growers and

---

[1] McDonald Pelz and Ingredion moved separately to dismiss Kuhlman's original complaint.  Filing Nos. 12 and 15.  Kuhlman Farms later filed an amended complaint.  Accordingly, the motions directed at the original complaint are moot and will be denied.

thereafter purchasing the crops grown from the seeds provided.  Defendant McDonald Pelz is Ingredion's agent and broker.  They were all parties to the transaction at issue.

In its amended complaint, the plaintiff alleges that in February and March 2019, McDonald Pelz negotiated a contract for Ingredion to provide "AE Waxy" seed corn for Kuhlman Farms to grow on 290 acres, and thereafter for Ingredion to purchase those crops.  The plaintiff alleges that defendant Ingredion breached the contract by failing to provide the seed corn in a timely manner and failing to pay the agreed amount for the crops.

Kuhlman alleges that McDonald Pelz told the plaintiff in early February that there was a "need for corn acres [t]hat will give a min [minimum] & guarantee, regardless of yield." Filing No. 17, Amended Complaint at 2; Filing No. 17-1, Ex. A., text message. Kuhlman also alleges that McDonald Pelz told the plaintiff in a phone call there would be a "minimum guarantee in place for payment of $1,500 per acre farmed by Kuhlman Farms with Ingredion's experimental seed, regardless of [bushel yield]." Filing No. 17, Amended Complaint at 2-3.  In early March, in an email thread transmitting contract confirmation, McDonald Pelz conveyed to Ingredion and Kuhlman Farms that "[e]stimated production is 50,000 based on 172 [bushel] yield," and "estimating early May arrival [of seed]." Id. at 3; Exs. B and C.  Based on McDonald Pelz's representations, Kuhlman Farms expected there would be a minimum 125 yield which, consistent with McDonald Pelz's prior guarantees, would result in a minimum payment of $1,500 per acre farmed by Kuhlman Farms. Id. at 4.  Other correspondence via text message stated Kuhlman Farms would be getting a contract and more paperwork from Ingredion, but those documents were not provided and would be getting more paperwork. Filing No. 17-4, Ex. D.

Kuhlman Farms alleges Ingredion was obligated to provide AE Waxy Corn for planting in early May 2019, a normal time of planting organic corn to obtain normal yields, but that seed corn did not arrive until June 2019 which caused loss of yield due to a shortened growing season.  *Id.* at 5.  Further, it alleges the germination of the seed was "substandard."  *Id.*  Kuhlman Farms claims it incurred "non-ordinary costs related to moving, storying and drying the crop," including a grain vacuum.  *Id.*

Kuhlman Farms states it planted approximately 257.3 acres of AE Waxy.  *Id.*  It alleges that Ingredion refused to take delivery of the crop until August and September 2020, even though the confirmation provided for delivery in January through March 2020.  *Id.*  On or about November 11, 2020, Ingredion paid Kuhlman Farms a total of $245,941.05, which allegedly constitutes the "straight yield" payment under the agreement.  *Id.* at 6.  Kuhlman Farms also alleges it "reasonably relied upon Ingredion's representations" and honored the terms of the agreement.  *Id.* at 11.

Ingredion moves to dismiss, asserting that the plaintiff's breach of contract claim fails as a matter of law.  It contends Kuhlman Farms may not introduce external or parol evidence to contradict the written terms of the contract.  Ingredion also argues that although an agreement modifying a contract needs no consideration to be binding under U.C.C. § 2-209, the modification must still comply with the statute of frauds.  Next, it argues that promissory estoppel cannot be used to avoid the statute of frauds.  Further, it argues that minimum payment terms are not stated in the contract and that Kuhlman Farms's non-contract claims (promissory estoppel and unjust enrichment) are barred by the economic loss doctrine or by the general rule that quasi-contract claims are not viable where an express contract governs.  It then argues that Kuhlman Farms's fraud and

3

misrepresentation allegations fail to meet the exacting standards of Federal Rule of Civil Procedure 9.

McDonald Pelz raises essentially the same arguments in its motion to dismiss. It argues that the contract attached to the plaintiff's amended complaint as Ex. B is an unambiguous contract and Nebraska law precludes use of parol evidence to alter or interpret an unambiguous, written, and fully integrated contract. It contends the plaintiff seeks to alter the language of the agreement with evidence of prior and subsequent negotiations. Also, it contends that the texts and emails attached to the amended complaint show only a discussion, not an agreement, on price and argues the plaintiff cannot enforce a nonexistent agreement. Also, it contends that any purported contract based on the text messages and emails between McDonald Pelz and Kuhlman Farms would be unenforceable under Neb. Rev. Stat. U.C.C. § 2-201, even if such an agreement did exist. It further argues that the amended complaint and attachments show that no positive assertion was ever made about a promised price other than what is memorialized in the agreement between Kuhlman Farms and Ingredion.

II.    LAW

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption

that all the allegations in the complaint are true" and inferences are to be drawn in favor of the non-moving party. *Twombly*, 550 U.S. at 555; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) (noting that *Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6) practice).

Courts follow a "two-pronged approach" to evaluate Federal Rule of Civil Procedure 12(b)(6) challenges. *Iqbal*, 556 U.S. at 679. First, the court divides the allegations between factual and legal allegations; factual allegations should be accepted as true, but legal conclusions should be disregarded. *Id.* Second, the court reviews factual allegations for facial plausibility. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677. The court should not "incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of *Iqbal* and *Twombly*." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012). The question at this preliminary stage is not whether a plaintiff might be able to prove its claim, but whether it has "adequately asserted facts (as contrasted with naked legal conclusions) to support" those claims. *Id.*

"Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004)). "[T]he contracts upon which [a] claim rests . . . are evidently embraced by the pleadings." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n. 4 (8th Cir. 2003); *see also Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir.2003) ("In a case involving a

contract, the court may examine the contract documents in deciding a motion to dismiss.").

Pleading alternative claims is allowable under the federal rules. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 727 (8th Cir. 2014) (at the pleading stage, a plaintiff may advance multiple, alternative, even contradictory theories of liability); *Reinke Mfg. Co. v. Elecsys Corp.*, No. 4:16CV3115, 2018 WL 1010202, at *2 (D. Neb. Feb. 20, 2018) (discussing how quasi contract and contract claims may be pled simultaneously).

In order to recover in an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty. *Henriksen v. Gleason*, 643 N.W.2d 652 (Neb. 2002); *see also Erickson v. Hill*, No. A-15-1102., 2017 WL 344424, at *2 (Neb. Ct. App. Jan. 24, 2017). Under Nebraska law, to create a contract, there must be both an offer and an acceptance; there must also be a meeting of the minds or a binding mutual understanding between the parties to the contract. *Linscott v. Shasteen*, 847 N.W.2d 283, 289 (Neb. 2014). A binding mutual understanding or meeting of the minds sufficient to establish a contract requires no precise formality or express utterance from the parties about the details of the proposed agreement; it may be implied from the parties' conduct and the surrounding circumstances. *Id.* The implied duty or covenant of good faith and fair dealing exists in every contract. *Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 805 (8th Cir. 2013).

To recover under the doctrine of promissory estoppel, a plaintiff must show (1) the defendant made "a promise that [it] should have reasonably expected to induce the plaintiff's actions or forbearance; (2) the promise did in fact induce the plaintiff's action or

6

forbearance; and (3) injustice can only be avoided by enforcing the promise." *deNourie & Yost Homes, LLC v. Frost*, 289 Neb. 136, 160 (2014).  The plaintiff need not demonstrate "a promise definite enough to constitute a unilateral contract," but must merely demonstrate a promise that is "definite enough to show that [the plaintiff's reliance on it was reasonable and foreseeable." *Id.* at 161.

Under Federal Rule of Civil Procedure 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud."   Courts "'interpret this rule in harmony with the principles of notice pleading, and to satisfy it, the complaint must allege such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" *Star City Sch. Dist. v. ACI Bldg. Sys., LLC*, 844 F.3d 1011, 1016 (8th Cir. 2017) (quoting *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (internal quotation marks and citation omitted)).  "[O]ne of the main purposes of the rule is to 'facilitate a defendant's ability to respond and to prepare a defense to charges of fraud." *Commercial Prop. Invs., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir.1995).  Thus, "Rule 9(b) does not require that the exact particulars of every instance of fraud be alleged, so long as the complaint includes enough detail to inform the defendant of the "core" factual basis for the fraud claim." *Moua v. Jani-King of Minn., Inc.*, 613 F. Supp. 2d 1103, 1110 (D. Minn. 2009) (quoting *Commercial Prop. Invs.*, 61 F.3d at 646). Moreover, "[t]he level of particularity required depends on, *inter alia*, the nature of the case and the relationship between the parties." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007).

7

In order to prove fraud or misrepresentation under Nebraska law, a plaintiff must prove:  (1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that it was made with the intention that the plaintiff should rely upon it; (5) that the plaintiff did so rely; and (6) that he or she suffered damage as a result.  *Freeman v. Hoffman-La Roche, Inc.*, 618 N.W.2d 827, 844-45 (Neb. 2000).  False representations must be the proximate cause of the damage before a party may recover.  *Huffman v. Poore*, 569 N.W.2d 549, 560 (Neb. Ct. App. 1997).

The elements to prove unjust enrichment are that the defendant received money; the defendant retained possession of the money; and in justice and fairness, the defendant ought to pay the money to the plaintiff.  *See Kanne v. Visa U.S.A.*, 723 N.W.2d 293, 302 (Neb. 2006).  Tortious conversion is any distinct act of dominion wrongfully asserted over another's property in denial of or inconsistent with that person's rights. *Baye v. Airlite Plastics Co.*, 618 N.W.2d at 145, 152 (Neb. 2000).  "The plaintiff in an action for conversion must allege facts showing a right to immediate possession of the property at the time of the conversion."  *PWA Farms v. North Platte State Bank*, 371 N.W.2d 102, 105 (Neb. 1985*)*; *see also Baye*, 618 N.W.2d at 152.

## III.   DISCUSSION

The Court finds the plaintiff's allegations, taken as true, are sufficient to withstand the defendants' Rule 12(b)(6) challenge.  Pleading alternative claims is permitted under the federal rules, and Kuhlman Farms's pleading of both contract and tort claims is generally permissible.

Kuhlman Farms sufficiently alleges the elements of a claim for breach of contract—it alleges the existence of an agreement, identifies the circumstances of the breach, and claims damages. Nothing more is required at this point in the litigation. Contrary to the defendants' assertions, it is not clear on the face of the pleading and its attachments that there was a fully integrated and complete written agreement between the parties. The Court can draw the reasonable inference that some sort of agreement or contractual relationship existed given the parties' conduct.

The plaintiff's allegations are also sufficient, at this stage of the proceedings, to state a claim for fraud or misrepresentation against the defendants. The plaintiff sufficiently alleges the specifics of the allegedly fraudulent conduct and adequately puts the defendants on notice of the claims and the grounds on which they rest.

The plaintiff's claims for promissory estoppel, conversion, and unjust enrichment are similarly adequately pled. Kuhlman Farms alleges there was an agreement for which it should, in fairness, be compensated. It also alleges that it was entitled to payment of a certain sum and claims it was not paid that amount. Further, the Court can infer from the allegations, if true, that the defendants were unjustly enriched in the transaction. Viewing the allegations and inferences in the light most favorable to the plaintiff, the Court finds the defendants' motions should be denied. The defendants' arguments are better suited for a motion for summary judgment.

IT IS ORDERED:

1.    Defendants Ingredion LLC's and McDonald Pelz Global Commodities, Inc.'s motions to dismiss the plaintiff's complaint (Filing Nos. 12 and 15) are denied as moot.

9

2.      Defendant Ingredion LLC's motion to dismiss the plaintiff's amended complaint (Filing No. 20) is denied.

3.      Defendant McDonald Pelz Global Commodities, Inc./'s motion to dismiss the plaintiff's amended complaint (Filing No. 18) is denied.

4.      Defendants shall file an answer or otherwise plead within fourteen (14) days of the date of this order.

Dated this 13th day of January 2022.


                                        BY THE COURT:

                                        s/ Joseph F. Bataillon
                                        Senior United States District Judge